**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | | |
|---|---|---|
| DEVIN M. YOUNG, | ) | CASE NO. 1:19-CV-01182-BYP |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN LASHAWNN EPPINGER, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I. Introduction

Petitioner, Devin M. Young, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Young is an Ohio prisoner who is currently serving an eight and one-half year sentence for numerous convictions stemming from four separate cases for which he was sentenced in the same hearing. Young asserts one ground for relief. (ECF No. 1). Respondent, Warden LaShawnn Eppinger, filed a return of writ on October 4, 2019 (ECF No.7) and Young filed a traverse on November 1, 2019 (ECF No. 8).

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Young's petition and other case-dispositive motions. Young's sole ground for relief is meritless; thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## II. Relevant Factual Background

The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing

1

evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), cert. denied, 527 U.S. 1040 (1999).

Ohio's Eighth District Court of Appeals detailed the facts of Young's convictions and sentences as follows:

> This appeal stems from four separate criminal cases. On August 18, 2015, Young was indicted in Cuyahoga C.P. No. CR-15-598171 on one count of having weapons while under disability, one count of carrying a concealed weapon, and one count of improperly handling firearms in a motor vehicle. All three counts carried forfeiture specifications. On November 9, 2015, Young pleaded guilty to having weapons while under disability with a forfeiture specification and the remaining counts were nolled. Young subsequently failed to appear for sentencing, and a capias was issued in the case.
>
> On June 6, 2017, Young was indicted in Cuyahoga C.P. No. CR-17-616885 on one count of identity fraud and three counts of tampering with records. On August 15, 2017, Young was indicted in Cuyahoga C.P. No. CR-17-618294 on one count of trafficking (a felony of the third degree) with two forfeiture specifications, one count of drug possession with two forfeiture specifications, one count of trafficking (a felony of the fifth degree) with two forfeiture specifications, one count of possessing criminal tools, and one count of identity fraud. On November 3, 2017, Young was indicted in Cuyahoga C.P. No. CR-17-622501 on one count of trafficking with a schoolyard specification, one count of drug possession (a felony of the third degree) with a schoolyard specification, two counts of drug possession (felonies of the fifth degree) with schoolyard specifications, one count of tampering with evidence, one count of possessing criminal tools with a forfeiture specification, and one count of falsification.
>
> On January 24, 2018, the trial court held a group plea hearing with two other defendants in unrelated cases. The court conducted a Crim.R. 11 colloquy with the defendants. Young pleaded guilty to one count of identity fraud and one count of tampering with records, and the remaining counts in CR-17-616885 were nolled. In CR-17-618294, Young pleaded guilty to an amended count of trafficking (a felony of the fourth degree) with two forfeiture specifications, one count of trafficking (a felony of the fifth degree) with two forfeiture specifications, and one count of identity fraud; the remaining counts were nolled. In CR-17-622501, Young pleaded guilty to an amended count of trafficking (a felony of the fifth degree) and one count of possessing criminal tools with a forfeiture specification.
>
> On February 15, 2018, the trial court held a sentencing hearing. The court heard from Young's counsel, Young, and the prosecutor. Following these statements, the following dialogue between the court and Young occurred:

THE COURT: Thank you. Mr. Young, since you are in an honest and heartfelt mood today, tell me where you buy your heroin and the fentanyl. Give me the names and phone numbers of who you buy it from. The heroin and fentanyl? Tell me your dealer.

YOUNG: Excuse me?

DEFENSE COUNSEL: The judge —

THE COURT: Tell me who you buy your heroin and your fentanyl from. Don't want to be that honest today, do you?

YOUNG: I'm sorry, Your Honor, but I'm taking full responsibility for the cases.

THE COURT: But you didn't make the heroin and you don't make the fentanyl, tell me where you bought it. Who gave it to you? People are dying every day in this community from that combination of drugs. I want to know where you bought it.

At that point, Young conferred with his counsel and reiterated that he was taking full responsibility for his crimes. The court proceeded to sentence Young as follows: in CR-15-598171, 36 months for having weapons while under disability; in CR-17-616885, 12 months for identity fraud and 24 months for tampering with records, to run consecutively; in CR-17-618294, 18 months for trafficking, 12 months for the other trafficking count, and 12 months for identity fraud, to run concurrently; in CR-17-622501, 12 months on trafficking and 12 months on possessing criminal tools, to run concurrently. The sentences in each case were ordered to run consecutively to each other, for a total sentence of eight and one-half years. A corresponding journal entry was issued on February 15, 2018. On February 27, 2018, the trial court issued a nunc pro tunc entry correcting the sentencing journal entry to include the consecutive sentence findings made during the sentencing hearing.

*State v. Young*, 2018 WL 6434810, at *1-2, 2018-Ohio-4892, ¶¶ 2-5.

## III. Relevant Procedural History

Following his sentencing detailed above, Young filed a direct appeal with the Eighth District Court of Appeals with the assistance of counsel (ECF No. 7-1 at 37).  In his appeal, Young raised four assignments of error:

Assignment of Error No. 1

3

The trial court erred when it failed to fully advise Appellant of both his constitutional and statutory rights prior to accepting guilty pleas in case numbers CR-616885, CR- 618294, and CR-622501.

Assignment of Error No. 2

The trial court erred when it violated Appellant's right to silence at the sentencing hearing and punished Appellant for exercising his right to silence.

Assignment of Error No. 3

The trial court erred when it imposed an aggregate prison term of 8.5 years in all cases, which is not supported by the record.

Assignment of Error No. 4

The trial court erred when it imposed consecutive sentences in all cases, that are not supported by the record.

(ECF No. 7-1 at 47).  The appellate court found no error and affirmed Young's sentence on December 6, 2018.  (ECF No. 7-1 at 70).  Young appealed that decision *pro se* on January 16, 2019.  (ECF No. 7-1 at 85).  In his memorandum in support of jurisdiction, Young raised two propositions of law:

FIRST PROPOSITION OF LAW

A defendant exercising his or her right at sentencing to mitigation in punishment pursuant to Crim. R. 32 has not waived his or her right under the fifth Amendment to answer incriminating and life threating (sic) questions from the trial court.

SECOND PROPOSITION OF LAW

An adverse inference may not be drawn from a trial court mockingly reiterating comment in regards to defendant's sincerity during Crim. R. 32's mitigation in punishment.

(ECF No. 7-1 at 89).  The Ohio Supreme Court declined jurisdiction over the appeal on April 3, 2019.  (ECF No. 7-1 at 117).

**IV. Federal Habeas Corpus Petition**

On May 22, 2019, Young petitioned *pro se* that this Court issue a writ of habeas corpus. (ECF No. 1). Young asserted the following single ground for relief:

> GROUND ONE: Petitioner is being held illegally incarcerated by Respondent in contravention of the Fifth Amendment to the U.S. Constitution.

(ECF No. 1 at 5).  Respondent filed the return of the writ on October 4, 2019 (ECF No. 7), and Young filed his traverse on November 1, 2019 (ECF. No. 8).

## V. Legal Standards

### A. Jurisdiction

Title 28, United States Code Section 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Cuyahoga County sentenced Young, and Cuyahoga County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Young's § 2254 petition.

### B. Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law ... are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

5

A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id*. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th 1998)

### C. Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Young's petition for writ of habeas corpus. *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that the AEDPA governs petitions filed after April 24, 1996); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). Under the AEDPA, state prisoners must either exhaust all possible state remedies or have no remaining state remedies before a federal court can review a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 515–19 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims.").

### D. Procedural Default

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain

consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id*. at 732-33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those

claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' ..., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' ...." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

**E. Standard of Review**

The AEDPA provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires

the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id*.

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's ... determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet... because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id*. 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state courts decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded
disagreement." *Id*.

## VI. Discussion

In his sole ground for relief, petitioner states that he "is being held illegally incarcerated by
Respondent in contravention of the Fifth Amendment to the U.S. Constitution." (ECF No. 1 at 5).
In support, Petitioner states:

> On February 15, 2018, at sentencing in Cuyahoga County courts, the
> Petitioner, Mr. Devin M. Young was trying to take responsibility for
> his crimes; however, the trial judge tried to make him incriminate
> himself right before she sentenced him. Transcript Pages 35-35.
> "Mr. Young, since you are in an honest and heartfelt mood today,
> tell me where you buy your heroin and fentanyl. Give me the names
> and phone numbers of who you buy it from – the heroin and
> fentanyl. Tell me your dealer." Petitioner said, "Excuse me?" "Tell
> me who you buy your heroin and fentanyl from. Don't want to be
> that honest today, do you?" Petitioner said, "I'm sorry, Your Honor,
> but I'm taking full responsibility for the cases." The trial judge then
> kept repeating herself, trying to get the Petitioner to self-incriminate
> himself. When the Petitioner didn't comply, she imposed an 8 ½
> year sentence. Therefore, the Petitioner is being illegally
> incarcerated by the Respondent in contravention of the Fifth
> Amendment to the U.S. Constitution.

(ECF No. 1 at 5). The Warden argues that Petitioner's ground for relief is not cognizable inasmuch
as it asserts a claim regarding the imposition of consecutive sentences. (ECF No. 7 at 10-11).
Additionally, the Warden argues Petitioner's ground for relief is meritless. (ECF No. 7 at 12-14).
In his traverse, Young clarifies that he is challenging the trial court's sentence only as it involves
an alleged violation of his Fifth Amendment right to remain silent during sentencing. (ECF No. 8
at 15-16).  This Court recommends that the Court find no merit in Young's sole ground for relief
and deny his petition.

The appellate court resolved Young's argument on appeal as follows:

> In Young's second assignment of error, he argues that the trial court erred when it violated his right to silence at the sentencing hearing and punished him for exercising this right. He relies on the principle that a criminal defendant retains the right to remain silent through sentencing. *Mitchell v. United States*, 526 U.S. 314, 316 (1999). We acknowledge the right confirmed in *Mitchell*. We are, though, unpersuaded by Young's arguments here.
>
> First, we note that Young did not in fact exercise his right to remain silent at sentencing. Instead, when the trial court asked for information about Young's drug suppliers, he repeatedly responded that he was taking full responsibility for his crimes. Therefore, Young's assertion that he was punished for exercising his right to silence is based on a premise that is different than what occurred at his sentencing hearing.
>
> A criminal defendant is afforded the right to address the court at his or her sentencing; Crim.R. 32 requires a sentencing court to "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." While the trial court's questioning of Young at issue here took place after the court had informed Young of his right to allocution, we find that the exchange was permissible. The subject of the trial court's questions were directly related to his offenses in this case. The record does not show that the trial court in any way coerced the defendant to answer the questions. Neither Young nor his counsel attempted to invoke his right to remain silent at any point during the sentencing hearing. For these reasons, we do not find error in the trial court's questioning of Young and overrule his second assignment of error.

*Young*, *supra*, at * 3-4. Young now contends that the Ohio appellate court's decision was an unreasonable application of *Mitchell v. United States*, 526 U.S. 314 (1999). Young seems to argue that the trial court's statement that he took full responsibility was "mocking" him and insincere and that the trial court used his statement against him when determining his sentence. (ECF No. 8 at 7-8). Young argues that the trial court increased his sentenced because he would not identify his supplier. The Warden states that "the state court of appeals correctly and reasonably applied

*Mitchell* to the facts of this case to determine that no Fifth Amendment violation occurred here." (ECF No. 7 at 14).

The Fifth Amendment protects a defendant's right "to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty ... for such silence." *Estelle v. Smith*, 451 U.S. 454, 468 (1981) (internal quotation marks omitted). The privilege applies so long as a defendant's compelled testimony could result in further incrimination, *Mitchell*, 526 U.S. at 326, and ends when such adverse consequences are removed, whether through proper immunization, *Kastigar v. United States*, 406 U.S. 441, 448 (1972), or voluntary waiver, *Mitchell*, 526 U.S. at 322–23. This principle applies with equal force during sentencing, as "a defendant may have a legitimate fear of adverse consequences from further testimony" where a sentence has not yet been imposed. *Id*. at 326.

Young relies on *Mitchell* for his assertion that his Fifth Amendment right to remain silent was violated when he was sentenced more harshly for refusing to name his supplier during sentencing hearing. In *Mitchell*, a codefendant testified regarding the amount of drugs in the transaction; Mitchell failed to rebut the testimony, and the sentencing court used a codefendant's testimony on the amount of drugs in the transaction to enhance Mitchell's sentence. *Mitchell,* 526 U.S. at 325.  The Supreme Court held that that was improper and that a court cannot draw any adverse inferences regarding the facts of the underlying offense from the defendant's assertion of their right to silence. *Mitchell*, 526 U.S. at 329-330. The Court then stated: "Whether silence bears upon the determination of a lack of remorse, or upon acceptance of responsibility for purposes of [a] downward adjustment ... is a separate question. It is not before us, and we express no view on it." *Mitchell*, 526 U.S. at 330. The Sixth Circuit Court of Appeals has explained, "*Mitchell* addressed negative *factual* inferences as to the circumstances and details of the crime based upon

a defendant's *silence.* The adverse inference made in *Mitchell* pertained to an unproven, unadmitted fact of the crime, the truth of which would determine the applicability of a mandatory sentencing provision." *Miller v. Lafler,* 505 F. App'x 452, 458 (6th Cir. 2012) (emphasis in original).

Young's issue does not fit within *Mitchell*'s narrow holding for several reasons. First, the sentencing court's questions did not relate to unproven, unadmitted facts of the crime, which, if established, would lead to a greater mandatory sentence. Here, the court asked Young to identify his supplier. Young had already pleaded guilty to his role in the charges and the information sought had no relation to unproven, unadmitted facts of the crimes. The information sought could not, and did not, lead to any enhancement of his sentence. Second, as the state appellate court accurately pointed out, Young did not remain silent. Here, Young responded to the sentencing court's questions by accepting responsibility for his crimes. Finally, there is no evidence of any adverse inference based on Young's refusal to name his supplier as the court sentenced Young to a term of imprisonment below the maximum time he faced. Young's convictions included five felony 5 counts each carrying a possible twelve-month sentence, one felony 4 count carrying a possible eighteen-month sentence, and one felony 3 count carrying a possible three-year sentence. In addition, Young faced a three-year mandatory sentence for having a weapon under disability. Thus, Young faced a possible twelve-and-a-half years in prison. Instead, he was sentenced to eight-and-a-half-years.

Based upon the above, Young's sole claim for relief is meritless as it does not fit within the narrow holding of *Mitchell.*

14

**VII. Recommendation**

Petitioner Young's sole ground for relief lacks merit. Thus, I recommend that the Court

DENY Young's petition and not grant him a certificate of appealability.

DATED: February 22, 2022

*s/ Carmen E Henderson*
Carmen E. Henderson
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).