PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEVIN M. YOUNG, ) | |
| ) | CASE NO. 1:19CV1182 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| KEITH J. FOLEY,[1] Warden, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

Petitioner Devin M. Young filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) alleging one ground for relief which challenges the constitutional sufficiency of his sentences in Cuyahoga County, Ohio Court of Common Pleas Case Nos. CR-15-598171-A, CR-17-616885-A, CR-17-618294-A, and CR-17-622501-A. In No. CR-15-598171-A, Young pleaded guilty to having weapons while under disability with a forfeiture specification. Petitioner pleaded guilty to one count of identity fraud and one count of tampering with records in No. CR-17-616885-A. In No. CR-17-618294-A, Young pleaded guilty to an amended count of trafficking (a felony of the fourth degree) with two forfeiture specifications, one count of trafficking (a felony of the fifth degree) with two forfeiture

---

[1] LaShann Eppinger was the original respondent. He was sued in an official capacity as a public officer. According to the Ohio Department of Rehabilitation & Correction website (https://drc.ohio.gov/gci (last visited March 18, 2022)), Keith J. Foley is now the Warden at Grafton Correctional Institution. Pursuant to Fed. R. Civ. P. 25(d), Fender's name has been automatically substituted as a party.

(1:19CV1182)

specifications, and one count of identity fraud. In No. CR-17-622501-A, Petitioner pleaded guilty to an amended count of trafficking (a felony of the fifth degree) and one count of possessing criminal tools with a forfeiture specification. Petitioner was subsequently sentenced as follows: in No. CR-15-598171-A, 36 months for having weapons while under disability; in No. CR-17-616885, 12 months for identity fraud and 24 months for tampering with records, to run consecutively; in No. CR-17-618294, 18 months for trafficking, 12 months for the other trafficking count, and 12 months for identity fraud, to run concurrently; and, in No. CR-17-622501, 12 months on trafficking and 12 months on possessing criminal tools, to run concurrently. The sentences in each case were ordered to run consecutively to each other, for a total sentence of eight and one-half years.

The above-entitled federal habeas petition was referred to a magistrate judge[2] for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). On February 22, 2022, the magistrate judge issued a Report & Recommendation (ECF No. 9). In her Report, the magistrate judge recommends that the Court find Petitioner's sole ground for relief lacks merit and deny the petition in its entirety. *See* ECF No. 9 at PageID #: 243.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the Report were, therefore, due on March 11,

---

[2] The Court referred the case to Magistrate Judge George J. Limbert. On July 6, 2020, the case was reassigned from Magistrate Judge Limbert (retired) to Magistrate Judge Carmen E. Henderson pursuant to General Order 2020-13.

(1:19CV1182)

2022.³  Neither party has timely filed objections.  Therefore, the Court must assume that the parties are satisfied with the magistrate judge's recommendations.  Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Report & Recommendation of the magistrate judge is hereby adopted.  Devin M. Young's Petition for a Writ of Habeas Corpus will be dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

|    March 18, 2022    |    /s/ Benita Y. Pearson    |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

³ Under Fed. R. Civ. P. 6(d), three (3) days must be added to the 14-day time period because Petitioner was served a copy of the Report by mail.  *See Thompson v. Chandler*, 36 Fed.Appx. 783, 784 (6th Cir. 2002).  The Court has accounted for those three days, as well as additional time for any mailed objection to reach the Court, before issuing this Order.